UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SEDRICK FORD                                                CIVIL ACTION NO.  2:19-cv-0748

VERSUS                                                          JUDGE DOUGHTY

NATIONAL FIRE & MARINE INSURANCE           MAG.  JUDGE KATHLEEN KAY
COMPANY, DENNIS GARDNER, D&B
GARDNER TRUCKING

## MEMORANDUM RULING

The Defendant, Dennis Gardner, dba D&B Gardner Trucking ("Gardner") has filed a

Motion to Dismiss [Doc. No. 14], pursuant to Federal Rule of Civil Procedure 12(b)(5) alleging

insufficient service of process. The issue in this proceeding is whether Gardner was properly

served through the Louisiana Long Arm Statute, LA. R.S. 13:3201], *et seq.*

The Plaintiff, Sedrick Ford ("Ford"), filed a Petition for Damages on December 17, 2018,

in the 14th Judicial District Court in the Parish of Calcasieu, Lake Charles, Louisiana.   The matter

was removed to this Court on the basis of diversity jurisdiction on June 12, 2019.   Under Federal

Rule of Civil Procedure 12(b)(5), when service of process is challenged, the serving party bears

the burden of proving its validity or good cause for failure to effect timely service.  *SYS. Signs*

*Supplies v. U.S. Department of Justice*, *Washington, DC* 903 F.2d 1011 (5th Cir. 1990).

At issue in this case is whether service was proper upon Gardner under the Louisiana Long

Arm Statute.  Ford maintains that he sent a letter by certified mail to Gardner at 1315 Ben Brown

Road, Valley, Alabama, 36854 on March 6, 2019.  The U.S. Postal Service marked the package

"*addressee unknown*" on March 12, 2019.  Thereafter the package was available for pick up until

March 27, 2019, when it was marked "*unclaimed/being returned to  sender*".  Ford filed affidavits

of service of process on both Gardner and D&B Gardner Trucking on January 7, 2020. [Doc. No. 11 and 12].

Gardner maintains that at the time the certified letter was mailed, Gardner no longer lived at 1315 Ben Brown Road,  Valley, Alabama, and, therefore, service is invalid.

The accident at issue in this proceeding took place on December 6, 2017.  The original Petition was filed in the 14th Judicial District Court, Calcasieu Parish, Lake Charles, Louisiana, on December 17, 2018.  The certified letter sent by Ford pursuant to the Louisiana Long Arm Statute was mailed on March 6, 2019, which would have been approximately fifteen  (15) months after the accident took place.

Gardner provides an affidavit from Kyle Quinney **[**Doc. No. 14-2 (Exhibit A)**]**, a licensed private investigator**.**   Quinney determined that on the date the certified letter was sent (March 6, 2019), Gardner did not live at the address the letter was mailed to, according to Brenda Gardner, Gardner's ex-wife.  Although a service receipt is not required, service through the Louisiana Long Arm Statute requires that the letter must be mailed to the actual, correct address of the defendant. *Wood v. Hackler, 2*76 So. 3d 1136 (La. App. 2d Cir. 2019).

The evidence shows that the address on the March 6, 2019 certified letter was <u>not</u> the address where Gardner was living at the time the letter was mailed.  Therefore, the Court determines that service of process upon Gardner was improper, and he has shown that dismissal pursuant to Rule 12(b)(5) is appropriate.

However, courts are allowed authority to grant additional time for service when a resulting dismissal without prejudice would result in the bar of a suit due to prescription. *Hale v. United States*, 216 WL 10707021 (S.D. Texas 2016).  Therefore, the Court grants Ford an extension of ninety (90) days from the date of this Order to make proper service on Gardner.  If he fails to do

so within that time period, the Court will enter judgment on Gardner's motion for the reasons set

forth in this Ruling and dismiss Ford's claims against him without prejudice.

Ford shall have ninety (90) days from date of this Order  to make proper service on the

Gardner, dba D&B Gardner Trucking.

Monroe, Louisiana, this 5th day of May, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE